**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3825
_____

JOSEPH BOLDMAN; LAURA BOLDMAN,
Appellants

v.

WALMART STORES, INC.; WALMART STORES EAST, LP; WALMART STORES
EAST, INC.; WALMART RETAILER 1 THROUGH 50, fictitious names; BLITZ USA
INVESTOR 1 THROUGH 10, fictitious names; BLITZ USA SUCCESSOR
1 THROUGH 10, fictitious names; WALMART BUYER
1 THROUGH 50, fictitious names; CONTAINER DESIGNER
1 THROUGH 10, fictitious names; CONTAINER TESTER
1 THROUGH 10, fictitious names; CONTAINER CERTIFIER
1 THROUGH 10, fictitious names; CONTAINER ENGINEER
1 THROUGH 10, fictitious names; CONTAINER EXPERT
1 THROUGH 10, fictitious names; ADVICE  PROVIDER
1 THORUGH 10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-16-cv-00004)
District Judge: Honorable Anne E. Thompson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 28, 2018
_____

Before: SMITH, *Chief Judge*, McKEE, and RESTREPO, *Circuit Judges*.

(Filed: November 21, 2018)

_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*.

Joseph and Laura Boldman ("Appellants") appeal from the District Court's Order granting summary judgment in favor of Walmart Stores, Inc., Walmart Stores East, LP, and Walmart Stores East, Inc. (collectively, "Walmart") in this products liability suit. We will affirm.

**I**

As we write solely for the benefit of the parties, we set out only the facts necessary for the discussion that follows. In January 2014, Joseph Boldman suffered serious burns when a plastic gasoline container exploded and sprayed gasoline on him. App. 22**.** According to Appellants, Joseph Boldman's grandfather, Bernard Matysczak, at whose home the incident occurred, purchased this particular gas can from the Walmart store in Old Bridge, New Jersey in October 2012 in anticipation of Superstorm Sandy. App. 43. There are no sales receipts, bank records or other documentary evidence of the purchase. App. 383.

Matysczak was not present at the time of the incident. App. 376. When deposed about his purchase of the gas can, Matysczak was unable to answer definitively where he

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

purchased it or that the gas can that he purchased was the one that caused the injuries. App. 380.

The gas can was a five-gallon, Blitz Model 50833, "Self-Venting" gas can manufactured by Blitz USA, Inc. ("Blitz"). At the time of the incident, however, the gas can was not equipped with the "Self-Venting" spout sold with that container. Instead, it had a "Pull 'N Pour" spout, from a different model gas can—a Blitz Model 11833. App. 152. Walmart produced sales records and testimony from a buyer in its automotive department indicating that Walmart stopped selling the self-venting 50833 gas can at the Old Bridge store in 2006 and stopped selling the pull and pour spout 11833 gas cans in 2003. App. 155.

In November 2015, the Boldmans filed a products liability action in New Jersey Superior Court against Walmart as the seller of the gas can. Walmart removed the case to the District Court for the District of New Jersey. The District Court granted two motions to dismiss, but granted Appellants leave to amend the Complaint. Appellants filed a second action based on the same facts in New Jersey state court, and Walmart once again removed the case to federal court. The District Court consolidated the two actions under the civil action number of this case. After discovery, Walmart moved for summary judgment, which the District Court granted on the ground that there was no genuine dispute as to the material issue of whether Walmart sold the gas can. This appeal followed.

**II**[1]

We review a district court's grant of summary judgment de novo. *Burns v. PA Dep't of Corr.*, 642 F.3d 163, 170 (3d Cir. 2011). We affirm a district court's grant of summary judgment when, viewing all evidence and drawing all inferences in the light most favorable to the non-moving party, *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 770 (3d Cir. 2018), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 580 (3d Cir. 2003). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Azur v. Chase Bank, USA, Nat'l. Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010) (quotation omitted).

**III**

To hold Walmart liable, Appellants must first show that Walmart was the seller of the gas can that caused Joseph Boldman's injuries. The New Jersey Products Liability Act provides that:

> A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332, and we have appellate jurisdiction under 28 U.S.C. § 1291.

fit, suitable or safe for its intended purpose because it: a. deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or b. failed to contain adequate warnings or instructions, or c. was designed in a defective manner.

N.J. Stat. Ann. § 2A:58C-2.

The sole issue presented by this appeal is whether Walmart's sale of the gas can presents a genuine issue of material fact. The Boldmans did not purchase the gas can themselves, nor do they possess any record of its purchase. Rather, they argue, as they did before the District Court, first that Walmart's business records "are fallible and inadequate," and second, that Matysczak's recollection gives rise to a "genuine" dispute of fact. Appellant Br. 16, 12. Neither argument is compelling.

Plaintiff's assertion that Walmart's records are inadequate is conclusory and belied by both the detail and quantity of the records made available. The records are corroborated by the testimony of Walmart's buyer that Walmart stopped selling both types of gas cans at least three years prior to the alleged purchase in 2012. Further, it defies common sense that Walmart would have on its shelves a hybrid gas can, containing elements of two different Blitz models. In sum, the Boldmans have not provided any reason for a fact finder to discredit Walmart's records indicating that neither Blitz model was available for purchase in 2012, and that a hybrid configuration of the gas can akin to the one that caused Boldman's injuries was not available for purchase at any time.

The Boldmans' second argument concerning Matysczak's recollection is not supported by his deposition testimony and subsequent affidavit. Matysczak could not initially confirm when or where he purchased the gas can. Nor could he definitively confirm that the gas can he may have purchased in 2012 was the gas can that caused his grandson's injuries. Simply put, his testimony lends very little to the claim that Walmart was the seller of the gas can. It does not show a genuine dispute of material fact sufficient for a reasonable fact-finder to find in the Boldmans' favor. Accordingly, the District Court did not err in granting summary judgment in favor of Walmart.

**IV**

For the foregoing reasons, we will affirm the judgment of the District Court.